# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
RAYMOND DECKER,                     *
                                    *   No. 16-1104V
              Petitioner,           *   Special Master Christian J. Moran
                                    *
v.                                  *   Filed: November 13, 2018
                                    *
SECRETARY OF HEALTH                 *   Attorneys' fees and costs
AND HUMAN SERVICES,                 *
                                    *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

Franklin J. Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Raymond Decker prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $21,669.85.

\*   \*   \*

Represented by attorney F. John Caldwell, Mr. Decker filed his petition on September 2, 2016, alleging that the influenza vaccine caused him to suffer transverse myelitis. After discussions, the parties resolved this case. The parties

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

submitted a stipulation that a decision incorporated.  Decision, 2018 WL 1835155 (Mar. 7, 2018).

On July 5, 2018, Mr. Decker filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $22,169.85, comprised of $20,147.50 in attorneys' fees and $2,022.35 in attorneys' costs.  Mr. Decker did not incur any costs personally.  Exhibit 22 (Gen. Order No. 9 Stat.).

The Secretary filed a response to Mr. Decker's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed July 19, 2018, at 2.  With respect to amount, the Secretary recommended that "the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

Mr. Decker filed a reply on July 25, 2018, requesting that he be awarded the fees and costs as requested originally.  With the reply, Mr. Decker cited several cases in support of the proposed hourly rates.  These citations are helpful, but the better course would be to include support for the proposed hourly rates in the initial motion.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Decker received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

## I.     Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

    A.    <u>Reasonable Hourly Rate</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349.  There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Mr. Decker requests compensation for Attorney Caldwell, as well as paralegals who assisted him.  Some of the proposed rates are reasonable as reflected in the prior decisions involving the Maglio firm and its attorneys.  <u>Perez v. Sec'y of Health & Human Servs.</u>, No. 10-659V, 2016 WL 8077957 (Fed. Cl. Spec. Mstr. Dec. 30, 2016).  But one is not.

For work Mr. Caldwell performed in 2018, Mr. Decker requests compensation at a rate of $391 per hour.  However, in decisions issued before Mr. Decker filed his pending motion in this case, special masters rejected that rate for Mr. Caldwell.  <u>Paul v. Sec'y of Health & Human Servs.</u>, No. 16-468V, 2018 WL 4611404, at *2 (Fed. Cl. Spec. Mstr. June 22, 2018) (awarding $385 per hour); <u>Witte v. Sec'y of Health & Human Servs.</u>, No. 12-462V, 2018 WL 3082963 (Fed. Cl. Spec. Mstr. May 22, 2018) (awarding $375 per hour).

Given that Mr. Caldwell spent approximately two hours of work in 2018, whether Mr. Caldwell is compensated at a rate of $391, $385, or $375 per hour, the result will be within $100 dollars.  Yet, it is concerning that after special masters have not accepted Mr. Caldwell's attempts to raise his hourly rate for 2018, Mr. Caldwell has persisted in his request.  Mr. Decker's reply, which cites some favorable decisions for hourly rates in other years, does not cite, let alone distinguish, <u>Paul</u> or <u>Witte</u>.  This apparent lapse in judgment is not consistent with Mr. Caldwell's usually strong performance as an advocate.  Excessive billing is not consistent with superior quality legal work.  <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 566-67 (1986).  Thus, Mr. Caldwell is warned that future submissions that request an unsupported hourly rate may result in a penalty.  <u>See</u> <u>Valdes v. Sec'y of Health & Human Servs.</u>, No. 99–310V,

3

2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (warning attorney that penalties may be necessary to motivate him to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009).

    B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

Nearly all of the activities are reasonable. Paralegals performed tasks that are clerical in nature, such as filing documents, mailing compact discs, and calendaring. These are not compensable. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997); Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

To account for Mr. Caldwell's 2018 hourly rate and the paralegal billings, $500 is removed from the attorneys' fees request.

**II.   Costs**

In addition to seeking an award for attorneys' fees, Mr. Decker seeks compensation for costs expended, totaling $2,022.35. These costs are for routine items, such as medical records and the filing fee. They are reasonable and adequately documented. Mr. Decker is awarded them in full.

*   *   *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $21,669.85 ($19,647.50 in attorneys' fees and

$2,022.35 in attorneys' costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $21,669.85 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $21,669.85 in the form of a check made payable to petitioner and petitioner's attorney, F. John Caldwell, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.